By the Court.—Curtis, Ch. J.
The plaintiff sues to set aside an assignment for the benefit of creditors. The action,was tried at the special term, and decided in *125 Ms favor. The defendants moved for a new trial at general term, under section 268 of the Code.' This motion was granted, and a new trial ordered. The case is reported in 40 N. Y. Superior Ct. 328.
The plaintiff appealed to the court of appeals, and the appeal was dismissed because the amount involved was under $500. From the opinion, it appears that the court considered several of the questions, and came to the conclusion that under Laws of 1874, c. 600, it was intended to abrogate the rule, that the making and the delivery of the verified schedules required by the act of 1860, was essential to the validity of an assignment; and also that the provision allowing the assignee to file schedules within six months, was not intended as a condition, the breach of which would invalidate the assignment. The court was also of opinion, that there was no proof that there was an omission to file the bond in the county clerk’s office, and that there was no allegation in the complaint of such omission. These views are adverse to the grounds upon wMch the plaintiff seeks to set aside the assignment.
The court of appeals further expressed itself inclined to the opinion, “ that the case was not properly before the general term, that it was not a proper case for a motion for a new trial ” (Code, § 268).
It would thus seem that the real merits of the controversy are viewed adversely to the plaintiff by the court of appeals, and that the course pursued by the defendant in moving for a new trial under section 268 of the Code, did not bring the case properly before the general term.
Although it is held that a re-argument will not be allowed here in matters purely technical and not affecting the general law of the case, or the real merits of the controversy (Butterfield v. Radde, 40 N. Y. Superior Ct. 169-172), where the court of appeals differs *126 from this court, but as this motion involves a question affecting an important remedy, and as no appeal lies from our decision, I think the rule should be relaxed. The plaintiff, in Ms affidavit, as one of his grounds for a re-argument, states, that this point was not elaborately argued at the general term; but this in itself constitutes no reason for a re-argument (Trinity Church v. Higgins, 4 Robt. 372). As the real merits of the controversy have been considered by the court of appeals, and held adversely to the plaintiff, it is but just to the defendants, that they should be paid their costs thus far in the litigation, as a condition of granting the motion for a re-argument.
The motion for a re-argument should be granted, on condition that the plaintiff pay, within thirty days from the entry of the order, the defendants’ costs to that date in the action.
Sanford, J., concurred.